7/28/13  SEC

U. S. DISTRICT COURT
N. D. OF N. Y.
FILED

JUL 2 8 2003

AT _____ O'CLOCK ____ M
LAWRENCE K. BAERMAN, Clerk
UTICA

35
SEC

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br><br>Plaintiff,<br><br>v.<br><br>**NO. 9068-8425 QUEBEC, INC. D/B/A BIO LAB, CELLU-FIGHT, AND QUICK SLIM, and**<br><br>**JEAN-FRANCOIS BROCHU,**<br><br>Defendants. | Civil Action No. : 1:02-CV-1128<br>(DNH-DRH) |

## STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS FOR MONETARY RELIEF AGAINST NO. 9068-8425 QUEBEC, INC. D/B/A BIO LAB, CELLU-FIGHT, AND QUICK SLIM AND JEAN-FRANCOIS BROCHU

Plaintiff, the Federal Trade Commission ("FTC" or "Commission") filed a Complaint for permanent injunction and other relief against defendants No. 9068-8425 Quebec, Inc. d/b/a Bio Lab, Cellu-Fight, and Quick Slim, and Jean-Francois Brochu (together, "defendants") pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).

Page 1 of 19

The Commission and defendants have agreed to the entry of the following Stipulated Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief ("Order") in settlement of the Commission's Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") against defendants.  The Court, being advised in the premises, finds:

## FINDINGS

1.    This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties.  Venue in the Northern District of New York is proper.

2.    The Complaint states a claim upon which relief can be granted under Sections 5(a) and 12 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a) and 52, and the Commission has the authority to seek the relief it has requested.

3.    The acts and practices of defendants were and are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.    Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

5.    Each party shall bear its own costs and attorneys' fees.

6.    Entry of this Order is in the public interest.

7.    Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon defendants, and their officers, agents, servants, representatives, employees, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise.

8.       This Order resolves only claims against the named defendants and does not preclude the

Commission from initiating further action or seeking any remedy against any other

persons or entities, including without limitation persons or entities who may be subject to

portions of this Order by virtue of actions taken in concert or participation with

defendants, and persons or entities in any type of indemnification or contractual

relationship with defendants.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.       Unless otherwise specified, "defendants" shall mean:

     A.       No. 9068-8425 Quebec, Inc. d/b/a Bio Lab, Cellu-Fight, and Quick Slim

("Quebec, Inc."), a corporation, its divisions and subsidiaries, and its successors

and assigns; and

     B.       Jean-Francois Brochu ("Brochu"), individually and in his capacity as President

and Chief Executive Officer of Quebec, Inc.

2.       "Commerce" shall mean "commerce" as defined in Section 4 of the FTC Act, 15 U.S.C.

§ 44.

3.       "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies,

or other evidence based on the expertise of professionals in the relevant area, that has

been conducted and evaluated in an objective manner by persons qualified to do so, using

procedures generally accepted in the profession to yield accurate and reliable results.

4.       "Food," "drug," "device," and "cosmetic" shall mean as "food," "drug," "device," and

"cosmetic" are defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

5.   "Weight loss product" shall mean any product, program, or service that is advertised, marketed, promoted, offered for sale, distributed, sold, or intended to be used for weight loss in humans, including, but not limited to, "Quick Slim" or any other substantially similar product.

6.   "Cellulite-treatment product" shall mean any product, program, or service that is advertised, marketed, promoted, offered for sale, distributed, sold, or intended to be used for the reduction or elimination of cellulite, including, but not limited to, "Cellu-Fight" or any other substantially similar product.

7.   "Covered product, program, or service" shall mean any health-related product, program, or service, including, but not limited to, any weight loss product, cellulite-treatment product, dietary supplement, food, drug, device, or cosmetic.

8.   "Endorsement" shall mean as defined in 16 C.F.R. § 255.0(b).

9.   A requirement that any defendant "notify the Commission" shall mean that the defendant shall send the necessary information via first-class mail, costs prepaid, to:

> Associate Director for the Division of Advertising Practices
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W.
> Washington, D.C. 20580
> Re: *FTC v. No. 9068-8425 Quebec, Inc. d/b/a Bio Lab, Cellu-Fight, and Quick Slim, and Jean-Francois Brochu*, Civil Action No. 1:02-CV-1128 (N.D.N.Y.).

10.   The term "including" in this Order shall mean "without limitation."

11.   The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

## CONDUCT PROHIBITIONS

**I.     FALSE CLAIMS FOR QUICK SLIM AND OTHER WEIGHT LOSS PRODUCTS**

**IT IS HEREBY ORDERED** that defendants, directly or through any corporation,

partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants,

representatives, employees, and all persons or entities in active concert or participation with them

who receive actual notice of this Order, by personal service or otherwise, in connection with the

manufacturing, labeling, advertising, promotion, offering for sale, or sale of Quick Slim, or any

weight loss product containing pectin, hydrolysed proteins, sea kelp, lecithin, biological apple

cider vinegar, bromelain, cellulose, oyster shell, or vegetal magnesium stearate, as an active

ingredient, are hereby permanently restrained and enjoined from making any representation, in

any manner, expressly or by implication, including through the use of endorsements, that such

product:

    A.    Causes rapid or substantial weight loss without the need to exercise or reduce
caloric intake;

    B.    Enables users to lose as much as 44 pounds in 30 days, enables users to lose 30
pounds in 25 days, or enables users to lose up to 2 pounds per day;

    C.    Causes permanent weight loss; or

    D.    Is clinically proven to cause rapid or substantial weight loss without the need to
exercise or reduce caloric intake.

**II.     UNSUBSTANTIATED CLAIMS FOR WEIGHT LOSS PRODUCTS**

**IT IS FURTHER ORDERED** that defendants, directly or through any corporation,

partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants,

representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of any weight loss product, are hereby permanently restrained and enjoined from making any representation, in any manner, expressly or by implication, including through the use of endorsements, that such product:

    A.      Causes weight loss;

    B.      Enables users to lose weight or fat, or any specific amount of weight or fat;

    C.      Enables users to lose weight without dieting or exercising; or

    D.      Causes permanent or persistent weight loss;

unless the representation is true and, at the time of making such representation, defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

## III.   FALSE CLAIMS FOR CELLULITE-TREATMENT PRODUCTS

**IT IS FURTHER ORDERED** that defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of Cellu-Fight or any cellulite-treatment product containing ginkgo biloba extract, sweet clover extract, soya lecithin, freeze dried blueberry, fucus visiculosus, cinnamon oil, cayenne pepper, dicalcium phosphate, cellulose, or vegetable magnesium stearate, as an active ingredient, are hereby permanently

restrained and enjoined from making any representation, in any manner, expressly or by implication, including through the use of endorsements, that such product reduces or eliminates cellulite.

## IV.   UNSUBSTANTIATED CLAIMS FOR CELLULITE-TREATMENT PRODUCTS

**IT IS FURTHER ORDERED** that defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of any cellulite-treatment product, are hereby permanently restrained and enjoined from making any representation, in any manner, expressly or by implication, including through the use of endorsements, regarding the efficacy of any cellulite-treatment product unless the representation is true and, at the time of making such representation, defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

## V.   COVERED PRODUCT, PROGRAM, OR SERVICE CLAIMS

**IT IS FURTHER ORDERED** that defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of any covered product, program, or service, are hereby permanently restrained and enjoined from making any representation, in any manner, expressly or by implication, including through the use of

endorsements, about the comparative or absolute weight loss, cellulite-treatment, or health benefits, or the performance, efficacy, safety, or side effects of such product, program, or service unless, at the time of making such representation, defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

**VI.     CONSUMER LIST**

**IT IS FURTHER ORDERED** that, within twenty (20) calendar days after entry of this Order, for all weight loss products, cellulite-treatment products, and any covered product, program, or service advertised, marketed, promoted, offered for sale, distributed, or sold by defendants and their officers, directors, agents, servants, employees, salespersons, distributors, corporations, subsidiaries, affiliates, successors, or assigns, defendants shall provide the Commission with the full names and addresses, and any other contact information in defendants' actual or constructive possession as of the date of entry of the order, of all purchasers of all such weight loss products, cellulite-treatment products, and any covered product, program, or service who have not already been reimbursed by defendants, and the names of the product(s) purchased, the quantity, and the amount(s) paid, including shipping and handling charges, for each purchaser.

**VII.    NON-DISCLOSURE OF MAILING LISTS**

**IT IS FURTHER ORDERED** that defendants, and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, email address, or

other identifying information of any person who paid any money to any defendant for Quick Slim

or Cellu-Fight, or shipping and handling therefor, at any time prior to entry of this order.

**Provided**, however, that defendants may disclose such identifying information to a law

enforcement agency or as required by any law, regulation, or court order.

## VIII.   UNFULFILLED PRODUCT ORDERS AND PRODUCT RETURNS

**IT IS FURTHER ORDERED** that within twenty (20) days after the date of entry of this

Order, the FTC shall take possession of all mail from consumers being held for defendants at any

Mail Boxes, Etc. location in the United States as of the date of entry of this Order, including

unfulfilled orders for weight loss products or cellulite-treatment products ("product orders") and

product returns.  The FTC shall return to consumers all such product orders and shall destroy or

discard all such product returns.

## IX.   ASSET FREEZE

**IT IS FURTHER ORDERED** that, upon entry of this Order, the freeze of defendants'

assets set forth in the Stipulated Order for Preliminary Injunction shall be dissolved.

## X.   MONETARY JUDGMENT AND CONSUMER REDRESS

**IT IS FURTHER ORDERED** that judgment in the amount of Forty Thousand ($40,000)

United States Dollars is hereby entered against the defendants, jointly and severally, which shall

be paid as follows:

> A.    Defendants have placed Thirty Five Thousand Three Hundred and Seventy Seven
>
> United States Dollars and Twenty Four Cents ($35,377.24) into a trust account at
>
> the law firm of defendants' counsel, Venable Baetjer Howard & Civiletti, LLC,
>
> which shall be held by defendants' counsel in such trust account and transferred

within three (3) days after entry of this Order into an account to be designated by the FTC.

B.    Within three (3) days after entry of this Order, defendants shall direct KeyBank to transfer Four Thousand Six Hundred and Twenty Two United States Dollars and Seventy Six Cents ($4,622.76) from defendants' bank accounts at KeyBank into an account to be designated by the FTC.

C.    All funds paid pursuant to this Order shall be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendants' practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph. Defendants shall have no right to contest the manner of distribution chosen by the Commission.

D.    In accordance with 31 U.S.C. § 7701, defendants are hereby required, unless they have done so already, to furnish to the FTC their taxpayer identifying numbers and/or social security numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of defendants' relationship with the government.

E.    Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## XI.    RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.    The Commission's agreement to this Order, requiring that defendants be liable for less than the full amount of alleged consumer injury, is expressly premised upon the truthfulness, accuracy, and completeness of their sworn financial statements and supporting documents submitted to the Commission, namely individual and corporate tax returns, corporate financial statements, bank account statements, stock fund account statement, credit card and merchant account statements, car lease agreements, real estate tax statements, and mortgage statement.  Such financial statements and supporting documents contain material information upon which the Commission relied in negotiating and agreeing to this Order.

B.    If, upon motion by the Commission, this Court finds that defendants have failed to disclose any material asset in the above-referenced financial statements, the Court shall enter a judgment against defendants, jointly and severally, in favor of the Commission, in the amount of Twelve million ($12,000,000) United States Dollars minus any payments previously made under Paragraph X, which amount would be rendered immediately due and payable.  For the purposes of this Paragraph, the defendants waive any right to contest any of the allegations in the Complaint filed in this action.

C.      Proceedings initiated under this Part are in addition to, and not in lieu of, any

other civil or criminal remedies as may be provided by law, including but not

limited to proceedings for submission of false statements to the government and

any other proceedings the Commission may initiate to enforce this Order.

## XII.    RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry

of this Order, defendant Quebec, Inc. and any business where (1) defendant Brochu is the

majority owner or an officer or director of the business, or directly or indirectly manages or

controls the business, and where (2) the business engages, or assists others engaged in, the

manufacturing, labeling, advertising, marketing, promotion, offering for sale, distribution or sale

of any weight loss product, cellulite-treatment product, or covered product, program, or service,

and their agents, employees, officers, corporations, successors, and assigns, and those persons in

active concert or participation with them who receive actual notice of this Order by personal

service or otherwise, are hereby restrained and enjoined from failing to create and retain the

following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues

generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting:  the name, address, and telephone number

of each person employed in any capacity by such business, including as an

independent contractor; that person's job title or position; the date upon which the

person commenced work; and the date and reason for the person's termination, if

applicable;

C.   Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.   Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E.   Copies of all sales scripts, training materials, advertisements, Web sites, or other marketing materials for any weight loss product, cellulite-treatment product, or any covered product, program, or service;

F.   All materials that were relied upon in making any representations contained in the materials identified in subparagraph E of this Paragraph, including all documents evidencing or referring to the accuracy of any claim therein or to the efficacy of any weight loss product, cellulite-treatment product, or any covered product, program, or service, including, but not limited to, all tests, reports, studies, demonstrations, or other evidence that confirm, contradict, qualify, or call into question the accuracy or efficacy of each such weight loss product, cellulite-treatment product, or covered product, program, or service; and

G.   Records accurately reflecting the name, address, and telephone number of each manufacturer or laboratory engaged in the development or creation of any testing obtained for the purpose of advertising, marketing, promoting, offering for sale, distributing, or selling any weight loss product, cellulite-treatment product, or covered product, program, or service; and

H.     Copies of all contracts concerning the advertising, marketing, promotion, offering for sale, distribution, or sale of any weight loss product, cellulite-treatment product, or covered product, program, or service.

## XIII.   DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order:

A.     Defendant Quebec, Inc. shall deliver a copy of this Order to all principals, officers, directors, managers, employees, agents, and representatives having responsibilities with respect to the subject matter of this Order, and shall secure from each such person a signed and dated statement acknowledging receipt of the Order.  Defendant Quebec, Inc. shall deliver this Order to current personnel within thirty (30) days after the date of service of this Order, and to new personnel within thirty (30) days after the person assumes such position or responsibilities.

B.     Defendant Quebec Inc. and defendant Brochu shall deliver a copy of this Order to the principals, officers, directors, managers and employees under their control for any business that (a) employs or contracts for personal services from defendant Quebec Inc. or defendant Brochu and (b) has responsibilities with respect to the subject matter of this Order.  Defendant Quebec Inc. and defendant Brochu shall secure from each such person a signed and dated statement acknowledging receipt of the Order within thirty (30) days after the date of service of the Order or the commencement of the employment relationship.

## XIV.   COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

    A.    For a period of five (5) years from the date of entry of this Order,

        1.    Defendant Brochu shall notify the Commission of the following:

            (a)    Any changes in defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

            (b)    Any changes in defendant's employment status (including self-employment) within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that defendant is affiliated with, employed by, or performs services for; a statement of the nature of the business; and a statement of defendant's duties and responsibilities in connection with the business;

            (c)    Any changes in defendant's name or use of any aliases or fictitious names; and

        2.    Defendant Quebec, Inc. and defendant Brochu shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of

a subsidiary, parent, or affiliate that engages in any acts or practices

subject to this Order; the filing of a bankruptcy petition; or a change in the

corporate name or address, at least thirty (30) days prior to such change,

***provided*** that, with respect to any proposed change in the corporation

about which the defendant learns less than thirty (30) days prior to the date

such action is to take place, defendant shall notify the Commission as soon

as is practicable after obtaining such knowledge.

B.   Sixty (60) days after the date of entry of this Order, defendant Quebec, Inc. and

defendant Brochu each shall provide a written report to the FTC, sworn to under

penalty of perjury, setting forth in detail the manner and form in which they have

complied and are complying with this Order.  This report shall include, but not be

limited to:

1.   Any changes required to be reported pursuant to subparagraph A above;

and

2.   A copy of each acknowledgment of receipt of this Order obtained by

defendants pursuant to Paragraph XIII;

C.   For the purposes of this Order, defendants shall, unless otherwise directed by the

Commission's authorized representatives, mail all written notifications to the

Commission to:

Associate Director for Division of Advertising Practices
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C.  20580
Re: *FTC v. No. 9068-8425 Quebec, Inc. d/b/a Bio Lab, Cellu-Fight, and*

*Quick Slim, and Jean-Francois Brochu*, Civil Action No. 1:02-CV-1128 (N.D.N.Y.).

D.      For purposes of the compliance reporting required by this Paragraph, the

Commission is authorized to communicate directly with defendants.

## XV.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating

compliance with any provision of this Order:

A.      Within ten (10) days of receipt of written notice from a representative of the

Commission, defendant Quebec, Inc. and defendant Brochu each shall submit

written reports, sworn to under penalty of perjury; produce documents for

inspection and copying; appear for deposition; and/or provide entry during normal

business hours to any business location in such defendant's possession or direct or

indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to monitor compliance with this Order

by all other lawful means, including but not limited to the following:

1.      obtaining discovery from any person, without further leave of court, using

the procedures proscribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.      posing as consumers and suppliers to: defendant Quebec, Inc. or defendant

Brochu, defendant Quebec, Inc.'s or defendant Brochu's employees, or

any other entity managed or controlled in whole or in part by defendant

Quebec, Inc. or defendant Brochu, without the necessity of identification

or prior notice;

*Provided* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

C.   Defendant Quebec, Inc. and defendant Brochu shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

D.   Within thirty (30) days of the posting on the Internet any Web page or site for a covered product, program, or service, provide to the Commission a list of any Web site addresses, or Uniform Resource Locators, for the Web pages or sites, and photocopies or electronic copies of the Web pages or sites.

## XVI.   ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that each defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XVII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

**SO STIPULATED:**

_____
TAWANA E. DAVIS (Bar No. 602081)
DEAN C. FORBES (Bar No. 602080)
RONA KELNER (Bar No. 602083)
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Washington, D.C. 20580
Tel.: (202) 326-3088, -3053
Fax: (202) 326-3259
Trial Attorneys for Plaintiff

_____
NO. 9068-8425 QUEBEC, INC.
by:   Jean-Francois Brochu, President

_____
JEAN-FRANCOIS BROCHU, individually and as
an officer or director of the above company

_____
EDWARD F. GLYNN, JR. (Bar. No. 511610)
Venable Baetjer Howard & Civiletti, LLC
1201 New York Avenue, N.W., Suite 1000
Washington, D.C. 20005-3917
Attorney for Defendants

**SO ORDERED:**

DATED: July 28, 2003       Utica, N.Y.

_____
DAVID N. HURD
UNITED STATES DISTRICT JUDGE

Page 19 of 19